JULIA APPLETON CROSS AND ELIOT CROSS, AS EXECU-
TORS OF THE LAST WILL AND TESTAMENT OF W.
REDMOND CROSS, DECEASED, PLAINTIFFS, v. RICH-
ARD J. CROSS ET AL., DEFENDANTS.

Decided August 12, 1942.

For the plaintiffs, *O. Blake Willcox.*

For the defendants Richard J. Cross et al., and *pro se* as
guardian *ad litem* for the defendant Mary N. Cross, *James
I. Bowers.*

For the defendants Robert Struthers et al., *Louis Auer-
bacher, Jr.*

For the defendants Central Hanover Bank and Trust Co.
and William R. Cross, Jr., as trustees, *Horace E. Bunker.*

Attorney *pro se* as guardian *ad litem* for the defendants
Richard J. Cross, Jr., and Margaret Lee Cross, *T. Girard
Wharton.*

For the defendant Bank of New York, as co-trustee,
*William Byrd.*

Smith, Joseph L., C. C. J. The facts are found to be as stated in the record and are made a part hereof as if fully set forth herein.

This is an action brought under the Declaratory Judgment Act, 2:26-68, *et seq.*, to determine the title to 300 shares of capital stock of the New Jersey Zinc Co., in the possession of the defendants, Wood, Struthers & Co., brokers of the deceased, W. Redmond Cross.

The facts are not in dispute and the parties have accordingly joined in an application for determination of their respective rights arising out of the facts hereinafter set forth, and in the record.

The controversy arises from the attempt of the deceased, immediately prior to his death, to make gifts of the stock in question, to his several children.

There are three groups of parties in the case, namely: the executors and trustees of the estate of the deceased, who deny the completion of the gift; they are joined by remaindermen under the will, who would benefit by the failure of the gift. The second group consists of the children of the deceased, who maintain that there was an effectual gift and seek to benefit thereby. Then there is the firm of Wood, Struthers & Co., also defendants, who, as the decedent's brokers, acted as agents in the contemplated transaction, and now hold the shares in question and are indifferent as to the results of this application, merely abiding the ruling of the court to be guided accordingly.

The decedent, W. Redmond Cross, a resident of Bernardsville, New Jersey, was for many years in the habit of making gifts to his children, and in connection with such donations, sought the advice of his brokers relative to gift taxes; pursuant to one of these consultations, on October 2d, 1940, Milton S. Harrison, of the said firm of Wood, Struthers & Co., of New York City, submitted a plan of gifts to be made, limiting individual gifts to $4,000 and making suggestions accordingly. Two of the decedent's children, William R., Jr., and Mary N., also had accounts with the firm of Wood, Struthers & Co. Two other children, Richard J. and Thomas N., had accounts at the Central Hanover Bank and Trust

Co.; and as to the fifth child, Emily, the decedent himself, together with the Central Hanover Bank and Trust Company, were trustees of a trust created by the said child, Emily, for the benefit of herself and remaindermen.

On November 8th, 1940, eight days before his death, the decedent delivered 300 shares of stock of New Jersey Zinc Company, consisting of three certificates, each for one * * * hundred shares, to Wood, Struthers & Co. in New York City, to be held for further instructions. These shares were unassigned and unendorsed.

On November 7th, 1940, the previous day, writing to Central Hanover Bank and Trust Co., the decedent stated that he had sent "some New Jersey Zinc stock to Wood, Struthers & Co., for splitting up and have instructed them to send a certificate for sixty shares to you to be held in trust above mentioned," (the mentioned trust being that for Emily).

In the same letter is a postscript, saying: "The New Jersey Zinc stock is a present from me."

Subsequently, on Friday, November 15th, 1940, Wood, Struthers & Co., were instructed to split up the three certificates of 100 shares each, of New Jersey Zinc Co., into five certificates of sixty shares each, the said five certificates to be in decedent's name, to place two of the said certificates in the accounts of William R., Jr., and Mary N., respectively; to deliver the other three certificates to the Central Hanover Bank and Trust Co., two for the accounts of Richard J. and Thomas N., and a third for the account of a trust created for Emily. Stock powers, that is, assignments separate from the certificates, were to be delivered accordingly for the respective accounts of the intended donees.

With respect to the original 300 shares represented by the three certificates of 100 shares each, no stock powers were included or delivered by the decedent. On the same day the decedent also delivered to Wood, Struthers & Co., two stock powers for the intended new sixty share certificates to be deposited in the accounts of Wood, Struthers & Co., to William R., Jr., and Mary N. On the same day decedent wrote to Central Hanover Bank and Trust Co., advising them that he had instructed Wood, Struthers & Co., to send to them

two certificates of sixty shares each, for the accounts of Richard J. and Thomas N. Cross, and the postscript stated: "The New Jersey Zinc stock is a present from me."

He delivered three stock powers to the Central Hanover Bank and Trust Co., on the same day, for the three certificates of sixty shares each, intended for Thomas N., Richard J. and Emily. Then he wrote letters to the individual donees, informing them of his instructions to Wood, Struthers & Co. In these letters he makes statements such as "these shares are gifts from us." (Meaning himself and his wife.)

November 15th, as stated, was a Friday. Wood, Struthers & Co. received their letters late in the afternoon, and Saturday being a short day, no steps were taken by Wood, Struthers & Co. to carry out the instructions. On Saturday, November 16th, 1940, W. Redmond Cross died, after attending the Princeton-Yale football game at Princeton. Being informed of this, Wood Struthers & Co. took no further steps in connection with the intended transfer and the splitting up of the three 100 share certificates.

The executors maintain that the gift was incomplete and therefore ineffective; that is refuted by the intended donees, and the position of the brokers, Wood, Struthers & Co., is, of course, a neutral one.

Although the question has not been raised by the parties, all having joined in the application for declaratory judgment, it is proper to inquire whether or not this court has jurisdiction over the subject-matter. *R. S.* 2:26-68 provides:

"All courts of record in this state shall, within their respective jurisdictions, have power to declare rights, status and other legal relations, whether or not further relief is or could be claimed; and no action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for."

It appears from the wording of the statute that the power of the courts to declare rights is confined to matters within their respective jurisdiction; the Declaratory Judgment Act does not confer jurisdiction on any court over any subject-matter which did not theretofore fall within its jurisdiction. *Springdale Corp.* v. *Fidelity Union Trust Co.*, 121 *N. J. L.*

536; 3 *Atl. Rep.* (*2d*) 565; *Moresh* v. *O'Regan,* 122 *N. J. Eq.* 388; 193 *Atl. Rep.* 831; 194 *Atl. Rep.* 156.

Do the facts, as above recited, present a matter for determination by a court of law or of equity? Had this action been brought originally by the present defendants, as plaintiffs, seeking an order to direct the proper transfer of the shares to their names upon the books of the corporation, the entry of such an order would have required equity powers and would thus have been beyond the jurisdiction of this court. As the matter is pleaded, however, the present plaintiffs allege that they are legally entitled to the shares in question; that such shares are in the possession of the defendant Wood, Struthers & Co., and that the latter have refused delivery upon demand; if unjustly refused, this would constitute proper basis for the action of trover and conversion.

*R. S.* 2:26-72 provides:

"When declaratory relief is sought, all persons having or claiming any interest which would be affected by the declaration shall be made parties to the proceeding."

All the other parties are therefore properly joined as parties defendants. The statute provides that the courts may declare rights "whether or not further relief is or could be claimed." And in *McCrory Stores Corp.* v. *S. M. Braunstein, Inc.* (*Court of Errors and Appeals*), 102 *N. J. L.* 590; 134 *Atl. Rep.* 752, the court states (at *p.* 592):

"The Declaratory Judgment Act, by its first and second sections, confers upon our courts of record, within their respective jurisdictions, powers to declare rights, status or other legal relations, although no further relief is or could be claimed, and empowers these courts, among other things, to determine any question of construction or validity arising under a deed, will, or written contract, and declare the rights, status or other legal relations thereunder of the parties thereto. Such declarations, by the express language of the statute, are given the force and effect of final judgments or decrees. It is true that they are not enforceable by execution or other final process, but relief, based thereon, may be granted, whenever necessary or proper, on application to a court having jurisdiction to grant such relief."

The conclusion is, therefore, that the matter is properly brought before this court, for the purposes pleaded.

The first point raised by the parties is one of conflict of laws, namely, whether the laws of New York or New Jersey apply in determining the question whether there was or was not a gift. The plaintiffs and the remaindermen, whose interests coincide, maintain that the laws of New Jersey apply, and further, that even under the laws of New York, the gift was incomplete; and *contra,* the donees maintain that the case is governed by the supposedly more liberal rules of New York, pertaining to gifts; and further, that even under the stricter New Jersey rules, the gifts were complete. If, then, the result would be the same under the rules prevailing in both jurisdictions, it will be unnecessary to decide which rule applies.

Considered under the Stock Transfer Act (*R. S.* 14:8-27) the attempted transfer of the shares in question was not completed, nor was such transfer put beyond the power or control of the donor, so that at any time before the actual transfer he had it in his power to prevent such transfer. Under *R. S.* 14:8-27, two methods are provided for the transfer of title to a certificate, and to the shares represented thereby: (a) by delivery of the certificate endorsed in blank, or to a specified person; (b) by delivery of the certificate and a separate document containing a written assignment.

Neither of these methods were followed, for the original three certificates of 100 shares each were not endorsed, either in blank or to any specified person; nor were they accompanied by a separate written assignment; nor were they delivered to the intended transferees.

As to the subsequent stock powers purporting to cover the several certificates of sixty shares each, in the first place, there were no such certificates to be assigned; and further, there was no delivery of certificates accompanying these stock powers. It appears then that the provisions of the Stock Transfer Act were not fulfilled.

Defendant donees do not seriously dispute this point. They contend, however, that the problem presented in the case is not one of transfer of legal title to stock, but rather, the

validity of a gift of a chose in action, an interest in intangible property. The defendants are in error both as to the nature of the problem presented and as to the validity of the gift, even if we were to accept the defendants' statement of the problem.

As to the nature of the problem presented, the complaint alleges that, under the circumstances recited, the defendant Wood, Struthers & Co. wrongfully refused to surrender the three certificates of 100 shares each, to the plaintiffs. Admittedly a proper transfer of the legal title to those particular certificates had not been made in compliance with the New Jersey Stock Transfer Act. Any claim of an equitable assignment by gift, of a one-fifth interest to each child, in the intangible property represented by the three certificates would not justify a refusal, on the part of Wood, Struthers & Co. to surrender the three certificates to the executors of the last will and testament of W. Redmond Cross, deceased.

If the defendants' contention of equitable assignment by gift is correct, the three certificates should have been returned to plaintiffs, and the plaintiffs ordered to hold the same in trust for the claimant donees. The only justification Wood, Struthers & Co. would have for refusing the return of the three certificates would be that a completed gift of these three particular certificates was made.

With respect to the three certificates, the gift failed because neither an actual nor a symbolic delivery was made to the donees, or their trustees, if the three certificates, even without the necessary endorsements, had been delivered to the donees, the question of symbolic delivery would then have become relevant. No symbolic delivery was intended by the donor. He gave the three certificates to his own agents, with instructions to split them into five equal shares, for his five children, and then to deliver each such share to each donee. The delivery of the three certificates was merely preparatory to the creation of the five certificates of smaller denominations.

It is urged by the defendants that Wood, Struthers & Co. were agents of the donees. This is attempted to be supported by the fact that two of the donees had accounts with this firm. Such a contention necessarily concedes that Wood,

Struthers & Co. were not agents for the other three donees, and yet it does not appear that the donor treated Wood, Struthers & Co. in one capacity with respect to two of the children, and in another capacity with respect to the other three children. Until the 300 shares were split into five, Wood, Struthers & Co. had the same duties to perform with respect to all. Until that was done, they were agents of the donor, W. Redmond Cross, and it was within his power to revoke such agency at any time before delivery of the five new certificates. His death effected such a revocation.

"Where the subject-matter of a gift is delivered to an agent to be delivered subsequently to the donee, the donor may, at any time before the agent acts, revoke the gift. And an unexecuted gift is revoked by the death of the donor.

"An unexecuted gift is revoked by the death of the donor. Thus where the donor delivers property to a third person for the donee, with authority to deliver it to the latter, until the authority is executed and the article delivered, such depositary is the agent of the donor, and the latter may revoke the gift and reclaim the property, and where such delivery does not take place in the donor's lifetime, his death revokes the agency and no delivery thereafter is valid." 28 C. J. 651.

There was no gift by delivery of the original three certificates. It was not completed.

The final argument, strongly urged by the defendants, is that an equitable assignment, or a gift by symbolic delivery, was made to each of the five donees by writing to each (or their trustee) a letter stating that he was making such a gift, and by delivering stock powers, on non-existent certificates. Had the donor written to the donees: "I hereby give you a one-fifth share in 300 shares of stock of the New Jersey Zinc Co., represented by certificates A. B. and C.," or words of similar import, defendants' contention would have some force, especially under the New York rule. See *Grymes* v. *Hone,* 49 *N. Y.* 17. That was not the manner in which decedent planned to make the gifts. He was not making any symbolic delivery of anything to his children, the five donees; he was merely advising the donees of his plan, whereby he

had given 300 shares of New Jersey Zinc Co. stock to Wood, Struthers & Co. for subsequent distribution after it had been split into the five certificates of sixty shares each. The letters he wrote to the donees were merely a part of the original scheme, to have his agent do certain things to effectuate the gift. He having died before his agent acted, the entire scheme failed.

The actual transfer of the certificates was to await the splitting up of the three certificates; that was to be done by donor's agents. His death terminated the agents' power.

It appears then, that the plan or procedure intended by the decedent to effectuate the gifts and actually put in motion, was cut short because he planned to carry it into effect through the hands of agents, and such agents' authority ceased by the donor's death.

Judgment in favor of the plaintiffs, and against the defendants, will accordingly be entered, that legal title to the shares of stock in question, is in the executors.